SUMMARY ORDER

Hui He, a native and citizen of the People’s Republic of China, seeks review of an April 3, 2008 order of the BIA that: (1) affirmed the February 8, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”); and (2) denied her motion to remand. In re Hui He, No. A078 230 714 (B.I.A. Apr. 3, 2008), aff'g No. A078 230 714 (Immig. Ct. N.Y. City Feb. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
A. Asylum
As an initial matter, we lack jurisdiction to review the IJ’s decision insofar as it pretermitted He’s untimely asylum application because He fails to present a constitutional claim or question of law with inspect to that finding. Accordingly, we dismiss the petition for review to this extent. See 8 U.S.C. § 1158(a)(3). However, we may review the agency’s denial of He’s applications for withholding of removal and CAT relief and the BIA’s denial of her motion to remand.
B. Withholding of Removal and CAT Relief
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou *67 Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).

1. Adverse Credibility Determination

Substantial evidence supports the agency’s determination that He was not credible as to her claim that she had suffered a forced abortion and that she was a Zhong Gong practitioner. He did not challenge before either the BIA or this Court the IJ’s adverse credibility determination insofar as it was based on the following: (1) He’s refusal to testify that she left China on account of her purportedly forced abortion when her husband was in the room despite her testimony that he had known for three years about that abortion; (2) He’s inability to give any information regarding the practice of Zhong Gong; and (3) the inconsistency between He’s mother’s letter and He’s testimony where the letter did not indicate that He had been forcibly aborted or arrested and beaten for practicing Zhong Gong. Therefore, any challenge to these findings is both unexhausted and waived. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
He’s sole challenge to the IJ’s adverse credibility determination is her argument that the IJ erred in relying on her failure to submit sufficient corroborating evidence without demonstrating that such evidence was reasonably available. However, an applicant’s failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 341 (2d Cir.2006). Moreover, contrary to He’s argument, an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. See id. Therefore, as He’s only challenge to the IJ’s adverse credibility determination is without merit, see id., we find that she has failed to demonstrate that the IJ erred in finding her not credible as to her applications for withholding of removal and CAT relief insofar as they were based on her claims that she had suffered a forced abortion and that she was a Zhong Gong practitioner, see Shunfu Li, 529 F.3d at 146; see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).

2. U.S. Citizen Children

Likewise, the IJ did not err in finding that He failed to demonstrate a well-founded fear of forced sterilization on account of the birth of her three U.S. citizen children. In considering whether He had demonstrated a well-founded fear of forced sterilization, the IJ reasonably noted that the enforcement of the family planning policy in He’s home province of Fujian was lax. See Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006). Moreover, He’s statement that her relatives had been forcibly sterilized failed to demonstrate that her relatives were similarly situated to her, i.e., Chinese nationals with U.S. citizen children. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 160-61 (2d Cir.2008). Accordingly, as He failed to demonstrate a well-founded fear of persecution based on the birth of her three U.S. citizen children, see Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005), the IJ did not err in finding that she failed to establish her eligibility for withholding of removal or CAT relief. See Paul, 444 F.3d at 156.
C. Motion to Remand
We review the BIA’s denial of a motion to remand for abuse of discretion. Li *68 Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. Id. at 156. A movant’s failure to submit previously unavailable material evidence or to establish prima facie eligibility for the underlying substantive relief sought are proper grounds on which the BIA may deny such a motion. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
He argues that the BIA abused its discretion by failing to adequately consider the new evidence that she submitted in support of her motion to remand. However, we have rejected the notion that the agency “must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang, 437 F.3d at 275 (internal quotation marks omitted) (finding adequate the BIA’s summary analysis and rejection of “oft-cited” evidence that it “is asked to consider time and again” regarding the family planning policy in China). Moreover, we have previously reviewed the agency’s consideration of similar evidence and have found no error in the agency’s conclusion that such evidence was insufficient to establish a reasonable possibility of forced sterilization. See Jian Hui Shao, 546 F.3d at 169-73. Additionally, He’s particularized evidence relating to her relatives and neighbors in China did not reference the treatment of similarly situated individuals. See id. at 160-61. Accordingly, as the BIA reasonably found that He failed to demonstrate her prima facie eligibility for relief from removal on account of the birth of her three U.S. citizen childi’en, the BIA’s denial of her motion to remand was not an abuse of discretion. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).